UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-81526-RAR

**AVION LAWSON**,

    Plaintiff,

v.

**P. MCGEE**, *et al.*,

    Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Lisette Reid's Report and Recommendation [ECF No. 21] ("Report") on Plaintiff's Amended Complaint pursuant to 42 U.S.C. § 1983 [ECF No. 19]. The Report recommends the Court allow Plaintiff's Amended Complaint to proceed and that this case be joined and consolidated with Case No. 19-CV-14346-ROSENBERG. *See* Rep. at 2. The Court has carefully reviewed Judge Reid's Report as well as the record. As of the date of this Order, no party has filed an objection to the Report, and the time to do so pursuant to Local Magistrate Rule 4(b) has elapsed.

    When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). However, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It

does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Because there are no objections to the Report, the Court did not conduct a *de novo* review of Judge Reid's findings. Rather, the Court carefully reviewed the Report for clear error. Finding none, it is

**ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 21] is **AFFIRMED AND ADOPTED**.

2. Plaintiff's Amended Complaint [ECF No. 19] shall **PROCEED** against (1) Officer McGee for deliberate indifference to a serious risk of harm and medical needs in violation of the Eighth Amendment and for retaliation in violation of the First Amendment; and (2) Warden Bryner for deliberate indifference to a serious risk of harm in violation of the Eighth Amendment and retaliation in violation of the First Amendment under a theory of supervisory liability.

3. This case, Case No. 19-CV-81526-RAR, shall be joined and consolidated with Case No. 19-CV-14356-ROSENBERG, subject to the consent of the Honorable Judge Robin L. Rosenberg.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 30th day of September, 2020.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE